**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA              :

    v.                                                      :              CRIMINAL NO. 23-039

CHRIS BYARD                                       :

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The government, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Meghan A. Farley, Special Assistant United States Attorney for the district and Robert E. Eckert, Assistant United States Attorney for the district, submits this Motion for Pretrial Detention to assist the Court in the Pretrial Detention Hearing. The government moves for pretrial detention because the defendant is both a danger to the community and a flight risk.

On January 10, 2023, the defendant was on probation that resulted from his 2020 conviction for second degree burglary in New Jersey. This is a period of time when the defendant should have been on good behavior. Instead, the defendant fled *twice* from Philadelphia Police Officers when they tried to pull him over for a motor vehicle infraction. First, he fled by car at a high rate of speed, passing another vehicle, driving the wrong way on a one-way street, and ultimately crashing into another occupied vehicle. Undeterred by the crash, the defendant then fled from the accident and from the Officers by foot. He took off from the Officers because he had a loaded firearm in the vehicle, which he knew he was not permitted to have because of his previous felony convictions.

The defendant's attempts to thwart the Officers and escape responsibility for his conduct did not end when he was apprehended. While one Officer handcuffed the defendant and placed

him in the back of the patrol vehicle, the other Officer opened a door of the defendant's car and observed in plain view a firearm on the floor in the back passenger side. As that Officer informed the arresting Officer of his observation, the defendant – who was sitting in the PPD patrol vehicle in handcuffs – locked his vehicle with the keys he still had on him to prevent the Officers from observing or recovering the firearm.

The defendant's actions, along with his previous felony convictions for second-degree burglary in 2020, illegal possession of a firearm in 2018, and receipt of stolen property in 2018, demonstrate he is a danger to the community and is unlikely to appear in the future to answer to the charge despite any conditions imposed by the Court.

His actions further demonstrate that he is not likely to follow any directives or conditions imposed by this Court, particularly because he committed the crime with which he is now charged while on probation for a different felony conviction. Because no condition or combination of conditions will reasonably assure the defendant's appearance as required or the safety of the community, the government moves pursuant to 18 U.S.C. § 3142(e) and (f) for a detention hearing and pretrial detention of this defendant.

## I. APPLICABLE LAW

Title 18 U.S.C. § 3142(g) sets forth the factors that this Court is to consider in determining whether a person should be released or detained. These factors are:

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2) the weight of the evidence against the person;

3) the history and characteristics of the person, including

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the strength of the evidence against the defendant, his failure to abide by the terms as a felon prohibited from carrying a firearm, and his dangerousness to the community all favor detaining him until trial.

## II.    LEGAL ARGUMENT FOR DETENTION

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.    Probable Cause and The Evidence in this Case

1.    On January 31, 2023, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One). Accordingly, there is probable cause to believe that the defendant committed the offense described above.

2.    The evidence in this case is strong, and the likelihood of conviction is great:

a.    On January 10, 2023, Philadelphia Police Department (PPD) officers observed the defendant commit a traffic violation and PPD attempted to pull him over. As the Officers

pursued him with lights on, the defendant fled in his vehicle and committed additional traffic violations, such as driving the wrong way on East Locust Lane, a one-way street. Eventually, the defendant's vehicle struck another vehicle and ultimately crashed at the corner of 16th Street and West Grange Avenue in Philadelphia, rendering his vehicle totaled and immobile. The defendant then got out of the vehicle and fled from PPD on foot. After one PPD officer pursued him, the defendant was apprehended and arrested. After arresting the defendant, PPD opened the passenger front door of the vehicle the defendant drove, and observed a firearm on the floor on the passenger side in the rear of the vehicle in plain view. PPD ultimately recovered that firearm and determined it was a Glock, model 20, 10 mm, with serial number BVAP809, loaded with 16 live rounds of ammunition.

b.      Investigators from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) later examined the recovered firearm and determined that it was not made in Pennsylvania. Therefore, the firearm possessed by the defendant, at one time crossed state lines, and thus affected interstate commerce.

c.      The firearm recovered firearm is an authentic Glock firearm and thus can be relied upon to prove that the seized firearm (pending the operability examination) was at least "designed to" expel a projectile by means of an explosive and is therefore a firearm under federal law.

d.      On January 11, 2023, the defendant was interviewed by ATF agents at the PPD Homicide Unit. The defendant was advised of *Miranda* warnings, which he waived verbally. The interview was audio- and video-recorded. The defendant acknowledged that he is not permitted to purchase or possess firearms due to previous felony convictions. He also admitted to

4

possessing the recovered firearm.

e.       Finally, the defendant was previously convicted of offenses punishable by more than one year imprisonment, specifically in Philadelphia County, the illegal possession of a firearm and receiving stolen property. The defendant was informed via a written Guilty Plea Colloquy that the maximum sentence for those offenses was each more than one year, and he signed that Guilty Plea Colloquy on May 2, 2018. Thus, the defendant was aware (as he acknowledged when he spoke with ATF agents), that at the time he possessed the firearm charged in the indictment that he had been previously convicted of a felony offense punishable by more than one year and was not permitted to possess firearms.

**B.       Maximum Penalties**

The total maximum penalty for a violation of 18 U.S.C. § 922(g)(1) committed after June 24, 2022, is fifteen years' imprisonment, 3 years of supervised release, and a $100 special assessment.

**C.       Criminal History**

The defendant is twenty-four years old, but he is no stranger to violating the law. He has a total of four criminal convictions.

His first adult conviction came in May 2018 when he pleaded guilty in Philadelphia County to receiving stolen property and carrying a firearm without a license, and was sentenced to four years' probation and 90 days – 180 days' confinement with three years' probation, respectively. His next conviction came later that year when he was convicted in December 2018 of DUI in Philadelphia County and sentenced to 3-6 days' incarceration. In March 2020, the defendant was convicted of 2nd degree burglary in New Jersey and sentenced to three years'

5

probation. He was on probation for that burglary conviction at the time he committed the instant offense.

The defendant's criminal history demonstrates that he is a danger to the community because he is unwilling to abide by restrictions placed on him by the law or the court. His behavior, particularly possessing firearms illegally and committing this offense while on probation, show that the defendant does not have any regard for following the laws of the United States, the Commonwealth of Pennsylvania, or restrictions placed on him by a court.

**D.      Community Ties; Employment; Likelihood of Flight**

The defendant's own conduct shows that he is a flight risk and that he disregards the safety of the community. In the course of committing the instant offense, he fled from PPD *twice*. While fleeing from PPD, he was involved in a car accident with another vehicle that had passengers, including a woman who stated that she was pregnant, and fled from the accident.

Any ties the defendant has to the community has not stopped him from committing crimes, such as impermissibly possessing a loaded firearm, and any ties to the community has not caused him to have any regard for the safety of others in the community.

In sum, nothing about the defendant's past behavior provides a reason for the Court to believe that his community ties would prevent him from committing additional crimes in the future or assure his appearance in court.

**III.    CONCLUSION**

When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

The government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

Jacqueline C. Romero
United States Attorney


*/s Meghan A. Farley*
Meghan A. Farley
Special Assistant United States Attorney
Robert E. Eckert
Assistant United States Attorney

Dated:   February 3, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA : 

    v. :     **CRIMINAL NO. 23-039**

CHRIS BYARD : 

**<u>PRETRIAL DETENTION ORDER</u>**

AND NOW, this      day of February 2023, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention under Title 18, United States Code, Section 3142(e)(1) because:

    a.    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

    b.    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1.    There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 922(g)(1) (Count One).

2.    The evidence in this case is strong, and the likelihood of conviction is great.

3.    Law enforcement investigation establishes that in the Eastern District of Pennsylvania, on January 10, 2023, the defendant knowingly possessed a firearm that travelled in

interstate commerce, notwithstanding his prior conviction for a crime that is punishable by more than one year in prison.

4.      The total maximum penalty the defendant faces is fifteen years' imprisonment, 3 years of supervised release, and a $100 special assessment.

5.      The strength and nature of the case against the defendant, the substantial sentence the defendant faces if convicted establish that the defendant is a danger to the community and increase the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE SCOTT W. REID
*United States Magistrate Judge*

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the Government's Motion for Pretrial Detention,

and Proposed Order, was served by the Electronic Case Filing (ECF) system.


<u>/s Meghan A. Farley</u>
Meghan A. Farley
Special Assistant United States Attorney


Dated: February 3, 2023