IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | No. 23-cr-039 |
| | : | |
| **CHRIS BYARD** | : | |
| | : | |

## ORDER

**AND NOW**, this **30th** day of **November 2023**, upon consideration of Defendant's Motion to Dismiss Indictment (ECF No. 23 as amended by ECF No. 25) and the Government's Response in Opposition (ECF No. 26), it is **hereby ORDERED** that Defendant's Motion (ECF No. 23 as amended by ECF No. 25) is **DENIED.**[1]

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

[1] In *Range v. Attorney General*, the en banc Third Circuit held that 18 U.S.C. § 922(g)(1), the felon-in-possession statute, was unconstitutional as applied to Bryan Range. 69 F.4th 96, 98 (3d Cir. 2023). Mr. Range had pleaded guilty in 1995 to making a false statement to obtain food stamps in violation of Pennsylvania law—a crime classified as a misdemeanor punishable by up to five years' imprisonment. *Id.* The conviction precluded him from possessing a firearm under 18 U.S.C. § 922(g)(1). *Id.* Mr. Range seeking to possess a hunting rifle and shotgun for home defense, brought a civil action seeking a declaration that 18 U.S.C. § 922(g)(1) violated the Second Amendment as applied to him, and an injunction prohibiting the law's enforcement against him. *Id.* at 98–99.

Utilizing the history-based framework laid out by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Third Circuit explained that in deciding whether a firearm regulation is constitutional under the Second Amendment, courts must first determine "whether the text of the Second Amendment applies to a person and his proposed conduct" and, if it does, the Government "must affirmatively prove that its firearms

regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Range*, 69 F.4th at 101 (quoting *Bruen*, 142 S. Ct. at 2127, 2134–35) (internal quotation marks omitted). Applying this framework, the Third Circuit found that 18 U.S.C. § 922(g)(1) as applied to Mr. Range was unconstitutional because the Government did not affirmatively prove that its firearms regulation is part of the historical tradition of firearm regulation. *Id.* at 106.

The Third Circuit emphasized their decision in *Range* was "narrow" and limited to the facts of the case, particularly the unique nature of Mr. Range's previous conviction. *Id.* Nonetheless, the decision is resulting in an onslaught of motions to dismiss indictments charging 18 U.S.C. § 922(g)(1)—a charge that occupies a significant amount of this Court's docket. But this Court, following Judge Ambro's concurrence in *Range*, and numerous recent pronouncements by the Supreme Court, does not view *Range* as casting doubt on the presumptive lawfulness of 18 U.S.C. § 922(g)(1); rather, *Range* "speaks only to [Range's] situation, and not to those of murderers, thieves, sex offenders, domestic abusers, and the like." 69 F.4th at 110 (Ambro, J., concurring); *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons"); *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) (noting that the decision does not "disturb[] anything that [the Court] said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns"); *see also id.* at 2162 (Kavanaugh, J., concurring) (emphasizing that "the Second Amendment allows a 'variety' of gun regulations," and *Bruen* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons").

Accordingly, this Court need not lay out an exhaustive analysis of the history and tradition of the firearm regulation as applied in this case because this case does not represent a case like *Range*; rather it "fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J., concurring). Here, the circumstances of Defendant's arrest, along with his previous convictions of second-degree burglary in March 2020, illegal possession of a firearm in 2018, and receipt of stolen property in 2018, demonstrate that Defendant is unquestionably not like Mr. Range, and that, if armed, Defendant poses a threat to the orderly functioning of society. Therefore, the prohibition of firearm possession by Defendant passes constitutional muster.

Additionally, for the reasons stated in *United States v. Ames*, this Court does not find § 922(g)(1) facially unconstitutional nor unconstitutionally vague. No. 23-178, 2023 WL 5538073, at *3–4 (E.D. Pa. Aug. 28, 2023).